UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

LINDA J. MILLEMACI,

                      Plaintiff,

                                                                                 DECISION AND ORDER
             v.                                                                       05-CV-189A

JO ANNE B. BARNHART,
Commissioner of Social Security,

                      Defendant.

## **INTRODUCTION**

Plaintiff Linda J. Millemaci commenced the instant action pursuant to 42 U.S.C. § 405(g), on March 18, 2005, seeking review of a final determination of the defendant, Jo Anne Barnhart, the Commissioner of Social Security (the "Commissioner"), disallowing plaintiff's application for disability insurance benefits under the Social Security Act. Plaintiff, whose past relevant work includes being a bill collector, claims to be disabled due to chronic back pain, hypothyroidism, obesity and migraine headaches. On October 5, 2005, the Commissioner moved for judgment on the pleadings. On November 10, 2005, plaintiff filed a response opposing the motion. On November 28, 2005, the Commissioner filed a reply memorandum.

For the reasons stated herein, the Court finds that the Commissioner's determination was erroneous and that the case must be remanded.

## PROCEDURAL HISTORY

Plaintiff filed applications for DIB and SSI on August 7, 2002, which were denied (Tr. 18-22, 42-45, 154-62; see Tr. 10).[1]  Following an August 17, 2004 hearing, the administrative law judge ("ALJ") concluded on October 25, 2004, that plaintiff was not disabled, because she could perform her past relevant work as a bill collector  (Tr. 10-15, 163-89).  The decision of the ALJ became the final decision of the Commissioner when the Appeals Council denied plaintiff's request for review on January 21, 2005 (Tr. 3-5).  This action followed.

## DISCUSSION

The Commissioner's decision that plaintiff was ineligible to receive disability insurance benefits must be affirmed if it is supported by substantial evidence. 42 U.S.C. § 405(g); Veino v. Barnhart, 312 F.3d 578, 586 (2d Cir.2002); Rivera v. Sullivan, 923 F.2d 964, 967 (2d Cir.1991).  Substantial evidence is defined as "more than a mere scintilla.  It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971) (quoting Consolidated Edison Co. v. NLRB, 305 U.S. 197, 229 (1938)). Thus, "[i]t is not the function of a reviewing court to decide *de novo* whether a claimant was disabled." Melville v. Apfel, 198 F.3d 45, 52 (2d Cir.1999).  Rather, "[w]here the Commissioner's decision rests on adequate findings supported by evidence having

---

[1]   Page citations are to the transcript of the administrative record filed by the Commissioner as part of her answer.

rational probative force," a court cannot substitute its own judgment for that of the Commissioner. Veino, 312 F.3d at 586.

A reviewing court also must independently determine if the Commissioner applied the correct legal standards in finding that plaintiff was not disabled. Townley v. Heckler, 748 F.2d 109, 113 (2d Cir.1984); accord Tejada v. Apfel, 167 F.3d 770, 773 (2d Cir.1999). "Failure to apply the correct legal standards is grounds for reversal." Townley, 748 F.2d at 112. In this regard, the Court should first review the legal standards applied and then, if the standards were applied correctly, consider the substantiality of the evidence. Johnson v. Bowen, 817 F.2d 983, 985 (2d Cir.1987).

Here, the plaintiff claims that the Commissioner erred by not analyzing whether or how her obesity impacts her other impairments, in particular her chronic back problem, as required under Social Security Ruling ("SSR") 02-1p. The Court agrees.

Although the ALJ stated that plaintiff's obesity is a "severe" impairment, he failed to consider the effects that her obesity had on the severity of her other impairments, her residual functional capacity, and her ability to do basic work activities, as required by SSR 02-1p. See SSR 02-1p (entitled "Titles II and XVI: Evaluation of Obesity"), 2000 WL 628049 (S.S.A.); see also Colegrove v. Commissioner of Social Security, 399 F. Supp. 2d 185, 197 (W.D.N.Y. 2005); Willoughby v. Commissioner of Social Security, 332 F. Supp. 2d 542, 549 (W.D.N.Y. 2004); Shoate v. Barnhart, No. C02-02162, 2003 WL 21556939, *4 (N.D. Cal. July 3, 2003) (remanding case where the ALJ did not consider the evidence of plaintiff's obesity in determining whether plaintiff suffered from a severe impairment or combination of impairments); Manning v.

Barnhart, No. 01-1151, 2002 WL 31027937, *2-*3 (D. Kan. Sept.9, 2002) (ALJ was required to make clear at step three and in determining plaintiff's residual functional capacity the impact of plaintiff's obesity on her impairments).  In a similar situation, the Seventh Circuit Court of Appeals stated:

> Maybe the administrative law judge thought that since he had already ruled that [the claimant's] obesity was a severe impairment of her ability to work, though not totally disabling in itself (that is, not a "listed" impairment, in social security disability lingo), conditions caused or aggravated by obesity were irrelevant.  That of course would be wrong.  The problem is that we don't know what he thought.

Barrett v. Barnhart, 355 F.3d 1065, 1068 (7th Cir. 2004).  That is the problem here. There is no indication in the ALJ's decision that he considered the effects of plaintiff's obesity on the severity of her other impairments, her residual functional capacity, and her ability to do basic work activities, as required by SSR 02-1p.  In fact, the ALJ fails to even mention SSR 02-1p.  Accordingly, the Commissioner's determination must be reversed and remanded.  On remand, the ALJ should follow the guidelines set forth in SSR 02-1p regarding consideration of the effects of obesity, particularly at steps three and four of the sequential evaluation.

## **CONCLUSION**

For the reasons stated, the Commissioner's motion for judgment on the pleadings is denied, and the case is remanded to the Commissioner pursuant to the fourth sentence of 42 U.S.C. § 405(g) for further administrative proceedings consistent with this Decision and Order.

IT IS SO ORDERED.

/s/ *Richard J. Arcara*
HONORABLE RICHARD J. ARCARA
CHIEF JUDGE
UNITED STATES DISTRICT COURT

DATED: January 22, 2007